ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>JOSE JUAN RONDON COTTO<br><br>Peticionario | **TA2026CE00465** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: FIS2016G0015<br><br>Sobre: A130/Agresión Sexual |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 29 de abril de 2026.

Comparece ante nos el Sr. José J. Rondon Cotto (señor Rondon o "el peticionario") por derecho propio y en forma *pauperis* y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 2 de marzo de 2026. Mediante el referido dictamen, el foro primario se dio por "*Enterado*" en cuanto a la *Moción Informativa y Súplica* presentada por el señor Rondon.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

## I.

Según surge del expediente, el 9 de marzo de 2017, el peticionario fue sentenciado a una pena de reclusión por veinticinco (25) años, luego de haber hecho una alegación de culpabilidad por violación al Artículo 130 del Código Penal de Puerto Rico, Ley Núm. 145-2012, 33 LPRA sec. 5142.

No obstante, el 30 de enero de 2026, el señor Rondon presentó una *Moción Informativa y Súplica*. En esencia, señaló que la *Sentencia* dictada en su contra, fue emitida sin que el Tribunal considerara tanto los agravantes o atenuantes, como el informe presentencia. A su vez, que no tuvo adecuada representación legal. Por ello, solicitó al foro *a quo* procediera conforme a derecho.

Así las cosas, el 9 de febrero de 2026, siendo notificada el 2 de marzo de 2026, el foro primario emitió una *Orden* en la cual expresó un "*Enterado*".

Inconforme, el 10 de abril de 2026, el peticionario presentó el recurso de epígrafe y alegó que el foro de instancia cometió los siguientes errores:

> Erró el Tribunal al darse por enterado y no proceder en cuanto a hecho y derecho y corregir los procedimientos para que se ajusten a lo que exige la ley y el derecho de un informe pre-sentencia y de considerar circunstancias atenuantes.

> Erró el Tribunal al darse por enterado de que la defensa del acusado no descargó adecuadamente su deber en beneficio del acusado de solicitar el informe presentencia, de circunstancias atenuantes que disminuirían la pena fija de 25 años impuesta al acusado.

El 16 abril de 2026 emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida un término de quince (15) días para oponerse y expresarse sobre los méritos del recurso.

Así las cosas, el 27 de abril de 2026, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico presentó una *Solicitud de Desestimación*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros,* 2025 TSPR 36, resuelto el 4 de abril de 2025; *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024), citando a *Pueblo v. Torres Medina,* 211 DPR 950 (2023). Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional." *R&B Power, Inc. v. Junta de Subastas ASG*, supra, citando a *Torres Alvarado v. Maderas Atiles,* 202 DPR 495, 500 (2019).

Los tribunales deben ser guardianes celosos de la jurisdicción. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018). En ese sentido, la ausencia de jurisdicción trae consigo varias consecuencias, entre las cuales se encuentra el que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente al tribunal como tampoco puede esta arrogársela; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y; que pueda ser presentada en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020).

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se

recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 214 DPR 432 (2024). Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank*, supra.

A esos efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. *Íd*. Cabe señalar, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración." *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

### III.

Resulta fundamental que antes de entrar en los méritos del recurso, nos aseguremos que poseemos jurisdicción para atenderlo, puesto que, los asuntos

jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar.

En el caso de autos, el señor Rondon presentó una moción informativa y súplica ante el foro primario, el cual simplemente emitió una *Orden* de "Enterado", indicando que se daba por notificada la moción. No obstante, el peticionario entendió que el foro recurrido resolvió su solicitud, cuando dicho Foro sólo se limitó a reconocer el recibo de la moción.

Luego de evaluar el expediente ante nos, así como la moción presentada por la Oficina del Procurador General en la que nos solicitó la desestimación del auto de *certiorari*, resolvemos que procede la desestimación del recurso.

El foro primario no atendió en sus méritos la moción presentada por el peticionario, ni adjudicó la misma, por consiguiente, el recurso resulta prematuro. Así pues, no tenemos jurisdicción para considerar el recurso en sus méritos. La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede asumir la jurisdicción que no ostenta. En tales situaciones solo contamos con facultad para declarar la ausencia de jurisdicción y no entrar en los méritos del recurso. Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones